UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARTINA SMART SIMMONS,** § | | |
| **Plaintiff** § | | |
| v. § | CASE NO. _____ | |
| § | | |
| **JOHN H. BARR,** § | | |
| **JOHN HOWELL HOUSE, and** § | | |
| **BURT BARR AND ASSOCIATES,** § | | |
| **L.L.P** § | | |
| **Defendants** § | | |

## COMPLAINT

### PARTIES

1. Plaintiff is Martina Smart Simmons ("Plaintiff"), formerly known as Martina Smart, and is an individual domiciled in the state of Mississippi.

2. Defendants are:

   A. John H. Barr, a private individual who is licensed to practice law in the state of Texas;

   B. John Howell House, a private individual licensed to practice law in the state of Texas; and,

   C. Burt Barr and Associates, a Texas limited liability partnership having its principal place of business in Dallas, Texas, is a law firm that provides legal representation within the state of Texas.

Hereinafter, all defendants are referred to collectively as ("Defendants").

### JURISDICTION

3. The Plaintiff is a major domiciliary of the state of Mississippi. All Defendants are either major domiciliaries or legal entities domiciled in the state of Texas. There is complete diversity between Plaintiff and all Defendants. The amount in controversy,

without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332. Thus, jurisdiction is proper in this court.

## FACTUAL ALLEGATIONS

4. At all times pertinent hereto, Plaintiff was provided legal representation by Defendants in connection with her claims against one Piyush V. Patel, M.D. ("Dr. Patel") and various business entities with which he was associated.

5. At certain times pertinent hereto, Plaintiff was employed by Dr. Patel through various business entities with which he was associated. Dr. Patel was a heart specialist and maintained a practice of medicine within the state of Texas.

6. During the course of this employment relationship, Dr. Patel committed numerous acts of sexual harassment, false imprisonment, and, ultimately, retaliation against Plaintiff.

7. Plaintiff retained Defendants to represent her in connection with her claims arising from Dr. Patel's misconduct and retaliatory action. Defendants' retention occurred on or about December 14, 2001. The legal representation agreement executed between Plaintiff and Defendants contains an arbitration clause, which right Plaintiff waives; and, which right Defendants have not yet invoked.

8. During the course of the relationship between Plaintiff and Defendants, Plaintiff obtained an Agreed Judgment through the Equal Employment Opportunity Commission against one of Dr. Patel's affiliated companies, The Heart Center and Heart Place Hospital, L.P., in the amount of $155,000.00. This judgment arose from Dr. Patel's misconduct and was obtained on or about September 23, 2004.

9. In 2004 and 2005, Dr. Patel and certain of his affiliated entities filed for bankruptcy relief in the Western District of Texas.

10. However, on or about January 24, 2011, without obtaining relief from the bankruptcy court, Defendants obtained for Plaintiff a Final Default Judgment in the amount of $3,000,000.00 (Three Million Dollars) against Dr. Patel which Judgment was rendered by the 238th Judicial District Court of Midland County, Texas.

11. Although Defendants were aware that Dr. Patel and certain of his affiliated entities had filed for bankruptcy relief, Defendants failed to properly preserve Plaintiff's claims by failing to take the procedural and substantive steps necessary to protect her claims in the various bankruptcy proceedings; by failing to obtain relief from the Automatic Stay in the various bankruptcy proceedings prior to a determination of Plaintiff's claims; by failing to object to Dr. Patel's discharge of Plaintiff's claims in his personal bankruptcy proceeding; and by failing to object to the discharge of Plaintiff's claims in the various related bankruptcy proceedings.

12. Plaintiff's claims arose from conduct committed by Dr. Patel which conduct was a continuing, intentional tort and thus, would have been non-dischargeable in his personal bankruptcy proceeding; and should not have been dischargeable in the various related bankruptcy proceedings.

13. Plaintiff was unaware of this legal malpractice until she received a June 19, 2014, letter from Defendants which stated in pertinent part: "the claims which were the subject of the lawsuit we filed on your behalf against Dr. Patel were discharged in bankruptcy before we obtained the judgment on your behalf."

14. In that same letter, Defendants informed Plaintiff that they "did not file a Proof of Claim on your behalf or object to the Bankruptcy Court discharging Dr. Patel's debts. As such, all the claims that we pursued on your behalf were discharged and the judgment that we took against Dr. Patel is not any good."

## COUNT I – LEGAL MALPRACTICE

15. The failures and omissions of Defendants described herein constitute legal negligence and were the proximate cause of Plaintiff losing her rights to recovery for the hereinabove described claims against Dr. Patel and the companies with which he was affiliated.

## COUNT II – NEGLIGENT INFLICTION OF MENTAL ANGUISH AND EMOTIONAL DISTRESS

16. As a consequence of Defendants' negligent conduct, Plaintiff has suffered and continues to suffer mental anguish and emotional distress.

## DAMAGES

17. Plaintiff specifies the amount of her damages to be $3,155,000.00, plus applicable legal interest and all recoverable costs which amount represents the judicially awarded amounts based upon the facts presented to the tribunals which rendered the hereinabove described judgments; and an additional amount to be determined by this court to compensate her for the mental anguish and emotional distress that she has suffered as a consequence of Defendants' negligent conduct.

WHEREFORE, PLAINTIFF PRAYS that after due proceedings are had that there be judgment herein in her favor and against Defendants, jointly and *in solido*, as follows:

    A.    In the amount of $3,155,000, together with appropriate legal interest and all costs of these proceedings.

B.  For any and all damages and or relief to which Plaintiff may be entitled, including, but not limited to, compensation for mental anguish and emotional distress, her costs, attorney fees, interest, and expenses in pursuing this action.

Date: 03/02/2015                                    Respectfully Submitted,

/s/Brian E. Dollar
Brian E. Dollar, T.A.
Texas Bar No. 24082925
DOLLAR LAW FIRM, L.L.C.
P.O. Box 14310
Monroe, Louisiana 71207-4310
Telephone:  318-387-9000
Facsimile:   318-387-9976
brian.dollar@thedollarlawfirm.com