IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARTINA SMART SIMMONS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-674-L** |
| | § | |
| **JOHN H. BARR, JOHN HOWELL** | § | |
| **HOUSE, and BURT BARR AND** | § | |
| **ASSOCIATES, L.L.P.** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") (Doc. 11), filed June 2, 2015. After careful consideration of the Motion, briefs, pleadings, and applicable law, the court **grants in part and denies in part** Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 11). Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint is **denied without prejudice** with respect to Plaintiff's legal malpractice claim, which the court will allow Plaintiff to replead. Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint is **granted** with respect to Plaintiff's claims for negligent infliction of mental anguish and emotional distress claim and alleged violations of the Texas Deceptive Trade Practices Act ("DTPA"), and these claims are **dismissed with prejudice**.

I.      **Factual and Procedural Background**

Plaintiff Martina Smart Simmons ("Plaintiff" or "Simmons") filed this action on May 19, 2015, against Defendants John H. Barr; John Howell House; and Burt Barr and Associates, L.L.P.

(collectively "Defendants"), asserting claims for legal malpractice, negligent infliction of mental anguish and emotional distress, and DTPA violations.

In December 2001, Simmons retained Defendants to pursue claims against her former employer, Piyush V. Patel, M.D. ("Dr. Patel") and certain of his affiliated companies in connection with her claims. According to Plaintiff's pleadings in this case, "Dr. Patel committed numerous acts of sexual harassment, false imprisonment, and, ultimately, retaliation against Plaintiff" while she was employed by him at various business entities. Pl.'s Compl. 2. Plaintiff alleges that, on August 23, 2003, the Equal Employment Opportunity Commission brought a Title VII action on her behalf against a company affiliated with Dr. Patel, and on September 23, 2004, an agreed judgment was entered in that case awarding her $155,000.

On November 17, 2003, Defendants filed suit on behalf of Simmons against Dr. Patel and certain other affiliated companies in the 238th Judicial District, Midland County, Texas. While this state court action was pending, Dr. Patel and the companies previously sued by the EEOC and Simmons filed for bankruptcy relief under Chapters 7 and 11 of the Bankruptcy Code in the Western District of Texas in 2004 and 2005. On January 24, 2011, a default judgment in the amount of $3,000,000 was entered in Plaintiff's favor in the state court action. In a June 19, 2014 letter to Simmons, Defendants advised Plaintiff that "the claims which were the subject of the [state court] lawsuit we filed on your behalf against Dr. Patel were discharged in bankruptcy before we obtained the judgment on your behalf." *Id.* at 3. Plaintiff alleges that Defendants failed to take any action to preserve her claims in the bankruptcy proceedings.

On June 2, 2015, Defendants moved to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff filed a response to the Motion on June 19, 2015, to which Defendants replied on July 2, 2015.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

*Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).[1] Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corporation*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan*

---

[1] Plaintiff attached to her response to Defendants' Motion a June 19, 2014 letter and the transcript of a January 24, 2011 state court hearing. Plaintiff asserts that the court can consider these documents in ruling on Defendants' Motion because they are central to her Amended Complaint. Plaintiff is incorrect. As explained in the court's Standard for Rule 12(b)(6), the court cannot look beyond the pleadings, which consist of the complaint, documents attached to the complaint, and documents attached to a defendant's motion to dismiss, to the extent that such documents are referenced in the complaint and are central to the plaintiff's claims. The documents that Plaintiff wishes the court to consider are not attached to her Amended Complaint or Defendants' Motion, and they are not a matter of public record of which the court can take judicial notice. Accordingly, the court does not consider them in ruling on the Motion.

*Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.    Analysis

### A.    Legal Malpractice

Regarding this claim, Defendants contend that Plaintiff has not pleaded sufficient facts regarding proximate causation, including the requirement of collectibility, as required for a legal malpractice claim in Texas.

Simmons responds that her:

> claims against Dr. Patel would have been rendered non-dischargeable by competent counsel so that she could have pursued Dr. Patel for payment under those judgments for the rest of his life. Defendants' arguments regarding collectability make little

> sense in this limited setting of non-dischargeable debts because their logic means that
> an attorney who negligently fails to render a debt non-dischargeable, *i.e.* a debt
> included in Section 523's laundry list of exceptions to discharge, is insulated from
> malpractice claims. Although collectability facially appears to be an issue here, it
> should not be so because Dr. Patel's debts should have been non-dischargeable,
> which means that there would be no time limitation for [her], as a judgment creditor
> of non-dischargeable debt, to seek out the assets of Dr. Patel, a cardiologist with
> obvious future earning potential.

Pl.'s Resp. 7-8 (footnote omitted). Simmons argues that "[a]ccepting this logic could lead to the result that, in Texas, creditors' attorneys are immunized from malpractice claims for virtually any negligence committed in bankruptcy proceedings." *Id.* at 8.

Defendants reply that "Plaintiff's argument is premised on her allegation that her claims in the underlying bankruptcy proceedings should have been rendered non-dischargeable, and that collectability should be presumed where a debt is non-dischargeable." Defs.' Reply 2. Defendants assert that, contrary to Plaintiff's argument, collectibility cannot be presumed, and Plaintiff's Complaint is devoid of allegations regarding collectibility. Defendants, therefore, contend that Plaintiff has failed to plead facts regarding proximate causation, including the specific requirement of collectibility, as necessary for a legal malpractice claim in Texas.

To state a claim for legal malpractice under Texas law, a plaintiff must allege that "the defendant owed the plaintiff a duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff suffered damages." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009)). When the plaintiff alleges "that lawyers improperly represented the plaintiff in another case," facts must be pleaded "as to the amount of damages that would have been recoverable and collectible if the other case had been properly prosecuted." *Id.* at 112. Generally, the amount of recoverable and collectible damages "is

the greater of (1) the fair market value of the underlying defendant's net assets that would have been subject to legal process for satisfaction of the judgment as of the date the first judgment was signed or at some point thereafter, or (2) the amount that would have been paid on the judgment by the defendant or another, such as a guarantor." *Webb v. Stockford*, 331 S.W.3d 169, 177 (Tex. App.—Dallas 2011, pet. denied) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 299 S.W.3d at 114). Damages are considered collectible when "the final judgment in the underlying case would have been collectible on or after the date it was first signed." *Webb*, 331 S.W.3d at 177. When the facts regarding collectibility predate the final judgment in the underlying case, there must be "a reasonable probability that the defendant's financial condition did not change during the time before a judgment was signed in a manner that would have adversely affected collectibility." *Id.* at 177. Collectibility cannot be presumed. *Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 299 S.W.3d at 115. The requirement of collectibility can be satisfied in a number of ways, including allegations that "the underlying defendant was solvent;" that "there is insurance or a surety that will pay some or all of the judgment" of an insolvent judgment debtor; that the "insolvent judgment debtor might have current income, profits or access to finances that can be diverted to satisfy a judgment;" or that "that damages awarded against the debtor in the underlying suit probably would have been paid," despite the judgment debtor's insolvency. *Id.* at 114.

Plaintiff's pleadings with respect to proximate causation, including the requirement of collectibility, are insufficient or wholly lacking. Simmons has, therefore, failed to state a claim for legal malpractice upon which relief can be granted. Rather than grant Defendants' Motion to Dismiss, the court will deny the Motion without prejudice and allow Plaintiff to amend her pleadings as to this claim because, although she has previously amended her pleadings once, she did not have

the benefit of the court's opinion, and it is unclear at this juncture whether amendment would be futile.

**B.      Texas Deceptive Trade Practices Act**

Defendants contend that this court should dismiss Plaintiff's DTPA claim because: (1) Plaintiff fails to allege facts regarding causation; (2) the claim is an improperly fractured claim for negligence; and (3) the claim, as alleged by Plaintiff, is barred by the DTPA professional services exemption, as the basis of the claim is conduct involving advice, judgments, or opinions given by Defendants in their role as Plaintiff's legal counsel, which falls within the personal services exemption of the DTPA.

Plaintiff responds that, because she alleged that Defendants made express misrepresentations, failed to disclose information, and acted unconscionably, her DTPA claim is not barred by the professional services exemption.  Plaintiff contends that her DTPA is not an improperly fractured claim for negligence because her legal malpractice claim is based on her contention that Defendants failed to preserve her claims in the bankruptcy proceedings, whereas her DTPA claim is based on Defendants' course of conduct after the bankruptcy cases closed.  Plaintiff contends that Defendants' "post-bankruptcy actions were false, misleading, and deceptive" because they involved:

> (1) filing pleadings with misrepresentations in the state court proceeding on behalf of Mrs. Simmons; (2) misrepresenting to Mrs. Simmons for years that it was possible to collect on her judgments; (3) unconscionably convincing Mrs. Simmons to publicly relive the abuse and harassment she had suffered at the hands of Dr. Patel in open court in order to obtain the $3,000,000 judgment that they knew was worthless, the underlying claim having been discharged due to their negligence; and (4) representing to Mrs. Simmons for more than three years afterwards that they were working on executing her judgments when they knew that, through their own inactions, the judgments were not collectible.

Pl.'s Resp. 13-14.  Regarding causation and her DTPA claim, Simmons asserts:

> Defendants' final argument is a red herring because it ignores the fact that they strung [her] along for years, failing to inform her of their fatal omissions in the bankruptcy proceedings. For years, they provided [her] with false hope that her judgments could be executed, ultimately convincing her that giving testimony to the state court would lead to recovery. For over three years after the entry of the $3,000,000 judgment in 2011, Defendants communicated hope of recovery under those judgments. *See* [Doc. No. 9 at 19]. Thus, the Complaint has established causation as to Defendants' DTPA violations. These violations give rise to damages, which include, but are not limited to, mental anguish, costs, and attorney's fees, all of which may be awarded under the DTPA.

*Id.* at 15.[2]

Defendants reply that Plaintiff's allegations regarding the mishandling of her underlying legal representation is precisely the type of conduct that falls within the DTPA's professional services exemption. Defendants contend that, because the crux of Plaintiff's DTPA claim is that Defendants mishandled her legal representation, the claim should be dismissed for violating the rule against fracturing. Finally, Defendants contend that, like Plaintiff's legal malpractice claim, she has not pleaded facts regarding causation to support her DTPA claim. Defendants, therefore, contend that Plaintiff's DTPA claim should be dismissed.

---

[2] Document 9 at 19 referenced in Plaintiff's response refers to paragraph 19 of her Amended Complaint, which states as follows:

> After the entry of the January 24, 2011 Final Default Judgment, Defendants continued to communicate to Plaintiff that they were working on obtaining relief for her from both the EEOC Agreed Judgment and the Final Default Judgment, despite the fact that they were aware that all of the bankruptcy proceedings had been closed for years and that they had not taken the necessary steps to preserve Plaintiff's claims arising from Dr. Patel's intentional torts. Additionally and inexplicably, Defendants, or their employees, represented to the Plaintiff that they were considering liquidating her Judgments through efforts to sell it to a third party. These assurances were communicated in numerous telephone conversations between Defendants, Defendants' employees, and Plaintiff between approximately January 24, 2011, and June 19, 2014.

Pl.'s Am. Compl. ¶ 19.

**Memorandum Opinion and Order - Page 9**

A consumer may maintain an action under the DTPA if a misrepresentation or unconscionable action "constitute[s] a producing cause of economic damages or damages for mental anguish." *Id.* § 17.50(a). Tex. Bus. & Com. Code Ann. § 17.50(a) (West Supp. 2010); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). "A producing cause is a substantial factor which brings about the injury and without which the injury would not have occurred." *Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d at 481. Thus, the defendant's act or omission must have been "the cause in fact of the plaintiff's injury," and it is not enough that the defendant acted negligently, and the plaintiff was injured, unless the two are causally connected. *Id.*; *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 223 (Tex. 2010) ("[T]he producing cause inquiry is conceptually identical to that of cause in fact."). For an act to be a substantial factor and provide a legally adequate cause, it:

> must be such that reasonable jurors would identify it as being actually responsible for the ultimate harm. The cause must be more than one of the countless ubiquitous and insignificant causes that in some remote sense may have contributed to a given effect as, for example, simply getting up in the morning. That the term substantial factor is given to this commonsense aspect of legal causation simply makes plain to jurors that more than causation in this indirect, "philosophic sense" is required.

*Id.* at 224; *Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d at 477 (explaining that a wrongful act is a cause in fact of an injury if the injury is the "natural and probable result" of the act). A plaintiff "need not establish that the harm was foreseeable," but it is not enough for a plaintiff to show that the defendant's conduct merely "furnished an attenuated condition that made the injury possible." *Id.* at 481-82.

Simmons asserts that she suffered "damages, which include, but are not limited to, mental anguish, costs, and attorney's fees" as a result of Defendants' alleged DTPA violations. Pl.'s Resp.

15.  As previously noted, Simmons contends that her DTPA claim is based on Defendants' conduct after the bankruptcy proceedings concluded; however, Defendants' failure to inform Simmons "***after the bankruptcy cases closed***" of their prior failure to preserve her claims in the bankruptcy proceedings could not have caused her economic damages because the harm was already done by this time and, according to Simmons, was caused by Defendants' prior negligent conduct in failing to preserve her claims in the bankruptcy proceedings.  Pl.'s Resp. 13.  For the same reason, Defendants' hopeful communications about collecting on the judgments in the EEOC and state court action *after the bankruptcies closed* could not have caused the economic damages previously sustained by Simmons as a result of Defendants' failure to preserve her claims in the bankruptcy proceedings.

Simmons also alleges that Defendants made misrepresentations to the state court after the bankruptcy cases closed, but this argument fails for the same reason.  In addition, Simmons does not allege that she was aware that Defendants made misrepresentations to the state court; nor does she explain how the alleged misrepresentations by Defendants to a third party can form the basis of her DTPA claim when a party generally cannot recover under Texas law for alleged fraudulent representations to a third party. *Williamson v. Patterson*, 106 S.W.2d 753, 756 (Tex. Civ. App.—Eastland 1937, writ dismissed).

Moreover, Simmons does not allege facts from which the court can reasonably infer that Defendants' conduct was the producing cause of her suffering mental anguish.  Simmons alleges that she was not aware of Defendants' legal malpractice until she received the June 19, 2014 letter from Mr. House. Accordingly, Defendants' conduct before this time *could not* have caused Simmons to suffer mental anguish.  Simmons also contends that "Defendants' actions compounded [the] mental

**Memorandum Opinion and Order - Page 11**

anguish and emotional distress that [she] had already suffered" when they had her testify and recount Dr. Patel's sexual misconduct in the state court case.   Pl.'s Resp. 11.   Simmons, therefore, acknowledges that Dr. Patel's sexual misconduct caused her alleged emotional distress, whereas her testimony in recounting the sexual misconduct only contributed indirectly to the emotional distress she already experienced because of Dr. Patel's sexual misconduct.   Thus, Defendants' conduct in having Plaintiff testify in support of her state court claims against Dr. Patel was not the producing cause or cause-in-fact of Plaintiff's alleged emotional distress or mental anguish. *Transcon. Ins. Co.*, 330 S.W.3d at 224; *Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d at 477.

Further, under Texas law, attorney's fees incurred in prosecuting or defending a claim are not damages because "Texas courts draw a distinction between 'compensation owed for an underlying harm and fees that may be awarded for counsel's services.'" *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037-38 (5th Cir. 2014) (quoting *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172-73 (Tex. 2013)).   Accordingly, while the DTPA permits recovery of attorney's fees, any attorney's fees Simmons incurred in bringing this suit against Defendants cannot be considered in determining whether Defendants' conduct caused the harm she allegedly sustained before filing suit.   For all of these reasons, Plaintiff's pleadings fail as a matter of law to satisfy the causation element necessary to pursue a claim under the DTPA.   Defendants are, therefore, entitled to dismissal of this claim with prejudice, and Simmons will not be allowed to amend her pleadings as to this claim. Having determined that the claim fails to satisfy the causation element necessary for a DTPA claim, the court need not address Defendants' other grounds for seeking dismissal of this claim, although the court notes that Plaintiff's DTPA claim is fatally flawed for other reasons asserted in Defendants' Motion.

**Memorandum Opinion and Order - Page 12**

### C.     Negligent Infliction of Mental Anguish And Emotional Distress

Defendants contend that Plaintiff's claim for negligent infliction of mental anguish and emotional distress should be dismissed because Texas law does not recognize it as a cause of action. Plaintiff disagrees and responds that Defendants' Motion fails to address the Texas Supreme Court's holding in *Douglas v. Delp*, that a plaintiff can recover damages for negligent infliction of mental anguish and emotional distress "'when heightened culpability is alleged' toward[] negligent attorneys." Pl.'s Resp. 10 (quoting *Douglas v. Delp*, 987 S.W.2d 879, 883-85 (Tex. 1999)).  Plaintiff contends that the heightened standard of culpability applies to Defendants' conduct because she has alleged that they were negligent in failing to take steps in the bankruptcy proceedings to preserve her claims.  Plaintiff asserts that if Defendants were unsure how to proceed in light of the bankruptcy proceedings, they should have sought assistance from outside counsel.  Plaintiff also contends that Defendants' conduct in 2008 and 2009 in informing the state court that they were (1) going to move to lift the automatic stay in the bankruptcy proceeding; and (2) investigating Dr. Patel's financial assets and going to present such information to the bankruptcy trustee, supports her negligent infliction of mental anguish and emotional distress claim.  In addition, Plaintiff contends, based on her pleadings, that she suffered mental anguish and emotional distress because Defendants "cruelly and unjustifiably raised her hopes for closure of the traumatic events that she experienced" as a result of working for Dr. Patel and testified to in the state court case.  Pl.'s Resp. 11.  According to Plaintiff, this is the type of egregious conduct or extraordinary circumstances envisioned by *Douglas.*

Defendants are correct that Texas law does not recognize a cause of action for negligent infliction of emotional distress. *See Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993).  Plaintiff's reliance on *Douglas* to support her negligent infliction of mental anguish and emotional distress

claim is misplaced.  The Texas Supreme Court in *Douglas* did not hold, as Simmons contends, that Texas law recognizes a cause of action for negligent infliction of emotional distress or *negligent infliction of mental anguish and emotional distress* as alleged by Simmons.  The court in *Douglas* merely held that, "when a plaintiff's mental anguish is a consequence of economic losses caused by an attorney's negligence, the plaintiff may not recover damages for that mental anguish." *Douglas*, 987 S.W.2d at 885.  The court in *Douglas* reasoned that when "injuries caused by an attorney's negligence are economic, the plaintiff can be fully recompensed by the recovery of any economic loss" because "[r]estoration of the pecuniary interest suffices to return a plaintiff to her prior circumstances." *Id*.  The *Douglas* court, however, expressly declined to reach the issue whether mental anguish damages are recoverable when heightened culpability or egregious behavior by an attorney is alleged.  *Id.* Because Texas law does not recognize a cause of action for negligent infliction of emotional distress or *negligent infliction of mental anguish and emotional distress*, Defendants are entitled to dismissal of this claim with prejudice, and Simmons will not be allowed to amend her pleadings as to this claim.  The court, however, expresses no opinion on whether Simmons can recover mental anguish damages for Defendants' alleged legal malpractice because Defendants did not move for dismissal on this ground.

IV.     **Conclusion**

For the reasons herein stated, the court **grants in part and denies in part** Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 11). Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint is **granted** with respect to Plaintiff's claims for negligent infliction of mental anguish and emotional distress and violations of the DTPA, and these claims are **dismissed with prejudice**. Defendants' Rule 12(b)(6) Motion to

Dismiss Plaintiff's legal malpractice claim is **denied without prejudice**.  Plaintiff shall file an amended pleading regarding her legal malpractice claim in accordance with this opinion by **April 15, 2016.**  *Plaintiff's amended pleading shall not allege any new claims unless leave of court is first sought and obtained.  Failure of Plaintiff to file an amended pleading that cures the deficiencies noted in this opinion will result in dismissal with prejudice of this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.*

       **It is so ordered** this 16th day of March, 2016.

                                                   Sam A. Lindsay
                                                 United States District Judge